UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

NICHOLAS CARPENTER                                              PLAINTIFF
ADC #148053

V.                         No. 5:18CV00136-DPM-JTR

ARKANSAS DEPARTMENT OF
CORRECTION; and
BURNETT, Doctor/Oral Surgeon                                    DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Nicholas Carpenter ("Carpenter") is a prisoner at the Delta Regional Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his

constitutional rights. *Docs. 2 & 5.*[1] Before Carpenter may proceed with this case, the Court must screen his allegations.[2]

## II. Discussion

In his Complaint and Amended Complaint, Carpenter alleges that, while incarcerated in the ADC in February 2012, he fell and fractured his jaw and was taken to Little Rock for surgery. He alleges that Defendant Dr. Hugh Burnett ("Dr. Burnett"), an oral surgeon, "misplaced" a wire in his upper gums when performing the surgery. According to Carpenter, when he returned for follow-up, Dr. Burnett "accidently" left the wire in his upper gums and it "still protrudes out of [his] gums." Carpenter alleges that, after the surgery, he was not aware of the existing wire "for a long period of time," and that, in December 2016 (*i.e.,* eighteen months before filing his Amended Complaint), he started experiencing pain and bleeding in his

---

[1]The Court has construed Carpenter's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (*pro se* complaint must be "liberally construed" and "*pro se* litigants are held to a lesser pleading standard than other parties"); *Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint).

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

upper teeth and gums, with the wire "constantly scratching and rubbing [his] cheek." He has trouble eating, chewing, brushing his teeth, talking, smiling and laughing. Carpenter seeks damages from Dr. Burnett, in his individual capacity. *Doc. 2 at 4; Doc. 5 at 4 & 6-7.*

### A. Arkansas Department of Correction

In his Complaint, Carpenter named the ADC as a Defendant. *Doc. 2 at 1*. In his Amended Complaint, he names only Dr. Burnett as a Defendant. *Doc. 5 at 2 & 7*. Because state agencies, such as the ADC, are not "persons" that can be sued under § 1983 for damages or injunctive relief, Carpenter cannot, as a matter of law, name the ADC as a Defendant. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Missouri Dep't of Corrections,* 353 F.3d 1038, 1041 (8th Cir. 2004). This may explain why, in his Amended Complaint, Carpenter has not named or asserted any claims against the ADC.

In the interest of clarifying the pleadings, the Court should dismiss the ADC as a party to this action, based on it having been named only in the Complaint.

### B. Dr. Burnett

To establish an inadequate medical care claim that rises to the level of an Eighth Amendment violation, Carpenter must show that Dr. Burnett acted with

3

"deliberate indifference." *Barr v. Pearson,* 909 F.3d 919, 921 (8th Cir. 2018).[3] This requires Carpenter to show that: (1) he had "an objectively serious medical need";[4] and (2) Dr. Burnett subjectively knew of, but deliberately disregarded, that serious medical need. *Id.* Deliberate indifference requires a "mental state 'equivalent to criminal-law recklessness.'" *Id.* Thus, Carpenter must show "more than negligence, more even than gross negligence," on the part of Dr. Burnett. *Jackson v. Buckman,* 756 F.3d 1060, 1065-66 (8th Cir. 2014); *see Estelle v. Gamble,* 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Instead, to show deliberate indifference, Carpenter must demonstrate that Dr. Burnett's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson,* 756 F.3d at 1066.

On May 30, 2018, the Court entered an Order (*Doc. 4)* that required Carpenter to file an Amended Complaint that explained his factual basis for claiming that Dr. Burnett provided him with inadequate medical care. In his Amended Complaint, Carpenter stated the following: (1) Dr. Burnett "misplaced" a wire in Carpenter's upper gums when performing oral surgery in 2012; (2) when later removing all the

---

[3]The Court assumes that Dr. Burnett, a Little Rock oral surgeon, had a contractual arrangement with the ADC to provide medical services to ADC prisoners sufficient to qualify him as a "state actor" under § 1983.

[4]For purposes of this analysis, the Court assumes that Carpenter's broken jaw qualifies as an "objectively serious medical need."

wires from Carpenter's mouth, Dr. Burnett "forgot" about the wire in Carpenter's upper gums and "failed to follow proper procedure"; (3) several years later, the wire began protruding from Carpenter's gums; and (4) this was due to the "mistake" by Dr. Burnett, who should be held responsible for the "improper procedure" and "inadequate medical care." *Doc. 5 at 6-7.*

Carpenter's allegations, viewed in a light most favorable to him, suggest that Dr. Burnett, at most, was guilty of negligence or, possibly, gross negligence. However, nothing in those allegations suggests that Dr. Burnett's alleged conduct rose to the level of "deliberate indifference," as required to plead a viable Eighth Amendment claim.

Because Carpenter has not pled a viable inadequate medical care claim against Dr. Burnett, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[5]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

---

[5]Carpenter's claims may also be barred by the statute of limitations. *See Spradling v. Hastings,* 912 F.3d 1114, 1119 (8th Cir. 2019) (Arkansas's three-year statute of limitations for personal injuries applies to § 1983 actions filed in Arkansas); *but see Union Pac. R.R. Co. v. Beckham,* 138 F.3d 325, 330 (8th Cir. 1998) (plaintiff's cause of action accrues "when he discovers, or with due diligence, should have discovered, the injury that is the basis of the litigation"). Because the record is insufficient to determine timeliness from the face of Carpenter's pleadings, this action cannot be dismissed on that basis. *See Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992) (preservice dismissal is proper only if it is apparent from the face of the complaint that the statute of limitations has run).

1.	Carpenter's Complaint and Amended Complaint (*Docs. 2 & 5*) be DISMISSED, WITHOUT PREJUDICE.

2.	The Arkansas Department of Correction be DISMISSED, WITH PREJUDICE, as a party to this action.

3.	The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

4.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 3rd day of April, 2019.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE